UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LLOYD ANOA'I,

    Plaintiffs

CASE NO.

v.

NEW PORT RICHEY RECREATION
& AQUATIC CENTER, INC.,
                                                                    /

    Defendant.

**COMPLAINT**

Plaintiffs, Lloyd Anoa'I, by and through undersigned counsel, files this action against Defendant New Port Richey Recreation & Aquatic Center, Inc., and hereby allege as follows:

**NATURE OF THE CASE**

1. This is a 42 U.S.C §1981 claim arising out of New Port Richey Recreation & Aquatic Center, Inc.'s ("New Port Richey Recreation") discrimination against Plaintiffs and New Port Richey's deprivation of Plaintiffs' contractual rights based on Plaintiffs race.

## JURISDICTION & VENUE

2. <u>Jurisdiction</u>. This Court has original jurisdiction of plaintiffs' Section 1981 claims pursuant to 28 U.S.C. §§1331 and 1343(a)(4) as this action involves a federal question regarding the deprivation of Plaintiff's rights under Section 1981.

3. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district. New Port Richey Recreation is subject to personal jurisdiction in this District because it maintains facilities and business operations in this District and committed the discriminatory acts alleged herein in this District.

## PARTIES

4. Defendant New Port Richey Recreation is a fitness center located at 6630 Van Buren St, New Port Richey, Florida 34653.

5. At all times relevant, Plaintiff Lloyd Anoa'I had a contractual relationship with New Port Richey Recreation by way of his fitness center membership.

6. Plaintiff, Lloyd Anoa'I, is a resident of Pasco County, Florida and a professional wrestler.

## GENERAL ALLEGATIONS

7. On March 8th, 2022, Plaintiff Lloyd Anoa'I, a Polynesian male, was with his close friend Joshua Rivera ("Rivera") and minor son ("K.A.") at New Port Richey Recreation, located at 6630 Van Buren St, New Port Richey, Florida 34653.

8. Lloyd Anoa'I was in the facility but not actively working out due to an injury and remained in an area isolated from the workout area.

9. Mr. Anoa'I's close friend Rivera and K.A. used the facility and when they finished working out, all three left without any known issues.

10. On March 11th, Mr. Anoa'I returned to New Port Richey Recreation with Rivera and K.A.

11. Again, Mr. Anoa'I paid for the fees for his brother and son to workout, while he remained at a table away from the exercise area.

12. While waiting for Rivera and K.A . to finish working out, Mr. Anoa'I was approached by a police officer, who asked him to leave due to a reported complaint of him sexually harassing a women during his last visit on March 8th, 2022.

13. The complaint alleged that Mr. Anoa'I was acting inappropriately and taking pictures of a female member while she was working out.

14. Mr. Anoa'I told the officer that he was in an isolated area away from the workout area and offered to let the officer inspect his phone for evidence (of which the officer did).

15. A white male employee with dark hair, glassed and in his twenties said to Mr. Anoa'I that "we have to take care of our people".

16. The Officer then told Mr. Anoa'I that he would investigate the incident but in the meanwhile, he was trespassed from the Recreation Center.

17. Officer W. Milana NP465 gave the incident number 2200898.

18. After the trespass Mr. Anoa'I received multiple calls from a male named Rob (a Director) apologizing for what occurred.

19. Mr. Anoa'I has been subjected to unlawful discrimination in violation of the Florida Civil Rights Act ("FCRA," Fla. Stat. §760.01 et seq.), and 42 U.S.C. §1981 ("Section 1981") based on his race and color. In addition to several violations of state law claims including, negligence, breach of contract, defamation, and intentional infliction of emotional distress.

20. Plaintiff was targeted by New Port Richey Recreation and discriminated against specifically because of his race evidenced through the statement made by the employee.

21. Plaintiff was humiliated, embarrassed, and defamed in public by New Port Richey Recreation, and he was deprived of the benefits, privileges, terms, and conditions of the contractual relationship with New Port Richey Recreation.

22. New Port Richey Recreation employees did not bother to investigate the allegations or question Mr. Anoa'I prior to contacting the authorities and having Mr. Anoa'I trespassed.

23. New Port Richey's claims were baseless, unfounded and without merit.

## COUNT I
## VIOLATION OF 42 U.S.C. §1981

24. Plaintiffs repeat and reallege and incorporate by this reference the allegations set forth in paragraph 1 through 23, inclusive, as though fully set forth herein.

25. Plaintiff Anoa'I is Polynesian and is therefore a member of a racial minority.

26. New Port Richey, via its employees, intended to and did discriminate against Plaintiff Anoa'I based solely on his race.

27. Defendant's discrimination against Plaintiff Anoa'I is in violation of his rights afforded by the Civil Rights Act 1866, 42 U.S.C. §1981.

28. By the conduct described above, Defendant Newport Richey Recreation intentionally deprived Plaintiff Anoa' of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual relationship with Defendant New Port Richey Recreation, in violation of 42 U.S.C. §1981.

29. Such discrimination would not have occurred but for Plaintiff Anoa'I's race, as evidenced by the New Port Richey Recreation employee's treatment of Plaintiffs versus the treatment of other customers on the date of the incident.

30. As a result of Defendant's discrimination in violation of Section 1981, Plaintiff Anoa'I has been denied contractual rights, benefits, and privileges and has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life, thereby entitling him to equitable monetary relief, as well as compensatory damages.

31. Defendant New Port Richey Recreation, in its discriminatory actions, has acted with malice or reckless indifference to Plaintiff's Anoa'I's rights, thereby entitling him to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in their favor and against Defendant, containing the following relief:

A. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all monetary and/or economic damages;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for their mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

C. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiffs in an amount to be determined at trial, plus prejudgment interest;

D. An award of punitive damages;

E. An award of costs that Plaintiffs has incurred in this action, as well as Plaintiffs' reasonable attorneys' fees to the fullest extent permitted by law; and

F. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues of fact and damages stated herein.

Dated: March 11, 2023